# B. E. NELSON v. EDVIN CARLSON.[1]

June 18, 1915.

Nos. 19,295—(205).

**Broker — action for commission — verdict.**

> This is an action to recover commission on a sale of land. The jury by its verdict found that a sale was negotiated, conditional at first, but, by the subsequent words and conduct of the purchaser, maturing into an absolute contract of sale, that plaintiff was the procuring cause of the sale, and that the compensation agreed upon was all that plaintiff could obtain for the land over a certain fixed price. The evidence is sufficient to sustain this verdict. No other question is involved in the case.

Action in the district court for Renville county to recover $1,600 as commission for selling land. The case was tried before Qvale, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*J. M. Freeman,* for appellant.

*L. D. Barnard* and *Bert O. Loe,* for respondent.

HALLAM, J.

There is no question of law in this case. The only question is as to the sufficiency of the facts to sustain the verdict. Plaintiff brings this action to recover a commission alleged to be due him on a sale of land. Defendant owned a half section of land in Renville county. In November, 1913, he listed the land for sale with Skalbeck & Odegaard of Sacred Heart, giving them an exclusive contract for 30 days at $95 an acre net to defendant, the agents to have all they could get over that amount. Skalbeck & Odegaard enlisted the services of plaintiff, but none of them made a sale within the 30 days. About the time the 30 days expired, plaintiff and defendant

[1] Reported in 153 N. W. 253.

had a conversation. The substance of the conversation is in dispute. Plaintiff testified that defendant told him to go ahead and sell the land himself on the same terms as the Skalbeck & Odegaard contract and that "anything that I got over $95 would be mine." Defendant denies this and testified that he told plaintiff that the price was thereafter $100 an acre net. The fact is undisputed that plaintiff continued thereafter in his efforts to sell this land, and on January 29 took one W. H. Beacom, an Iowa farmer, out to the farm for that purpose. After negotiations extending through the whole afternoon and evening, until one o'clock in the morning and again through the next forenoon, an agreement was reached and plaintiff, defendant and Beacom went to Sacred Heart and had the agreement reduced to writing. The writing could not be produced and its terms are in dispute. Plaintiff and Beacom testified it was a contract of sale of the land for $100 an acre, with a provision that if Beacom was not satisfied with the farm by July 1 he might "pay him $1,500 for the use of the farm for the first year and quit." Defendant contends it was a lease with an option to buy. There is evidence that on the second day thereafter Beacom told defendant that he was going to take the land and that at that time he transferred his interest in this contract to Skalbeck and others at an advance of $500. After some negotiation the original Beacom contract was cancelled and destroyed and a new contract of sale made between defendant and the parties, to whom Beacom had transferred his contract. The jury found that plaintiff was entitled to recover the amount realized over $95 an acre, namely $1,600, and returned a verdict accordingly.

The evidence is undisputed that plaintiff was the procuring cause of the contract with Beacom, and the evidence is sufficient to sustain a finding that this contract was a contract of sale, conditional at first, but later by the words and conduct of Beacom maturing into an absolute contract of sale. If there were no special agreement as to compensation and this were an action by plaintiff to recover on a quantum meruit the case would give little trouble. But both plaintiff and defendant claim an express agreement was made.

Defendant's claim is that, when plaintiff brought his customer

out to the farm, defendant told plaintiff that his price was $100 an acre net, and that plaintiff forthwith told his customer "this farm will cost you $100 an acre," and that plaintiff told defendant: "If you can make a deal with Mr. Beacom on this farm, I don't claim any commission because my time is up, if you see fit to give me something you can do so, if not, it is all right, but I thought I would bring him over anyhow." This evidence is all denied by plaintiff. There is evidence that plaintiff had other land in the neighborhood on his list for sale, presumably for a compensation, and which land he contemplated offering to Beacom, if he did not make a sale to him of defendant's land. We think the jury was not obliged to accept the story of defendant that this land agent was working for nothing, except as defendant might see fit to pay. Yet defendant offers us no theory on which any compensation could be computed, and there is no basis of compensation suggested by any other evidence in the case, except the evidence of plaintiff that the land was listed with him at the same price as it had previously been listed with Skalbeck & Odegaard, namely, $95 an acre net to defendant. This evidence the jury believed true. There is some evidence that tends to cast doubt on the probability of plaintiff's story, for example, defendant stated that he had refused an offer of $97.50 an acre for the land from Mr. Skalbeck, and it is urged that if such were the case it is inherently improbable that defendant would continue a listment with plaintiff at $95 an acre net. But this statement of defendant is uncorroborated. His counsel called Skalbeck to the stand but did not question him on this point. It is also contended that during the negotiation with Beacom defendant held altogether too stoutly to his price of even $100 an acre for one who was simply holding out to insure his agent a full commission, but we do not consider this circumstance at all decisive. The conduct of the negotiation was in the hands of plaintiff and it was he who "did the most of the talking." We are clearly of the opinion that plaintiff's contention finds sufficient support in the evidence so that the verdict in his favor should not be set aside.

Order affirmed.